959 F.2d 234
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Ronald L. JORDAN, Plaintiff-Appellant,
v.
Travis JONES, Defendant-Appellee.
 No. 91 1101.
 United States Court of Appeals, Sixth Circuit.
 April 10, 1992.
 
 1
 Before KEITH and MILBURN, Circuit Judges, and ENSLEN, District Judge.*
 
 
 2
 This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a). The case was held in abeyance pending the decision of a cost issue in Weaver v. Toombs, 948 F.2d 1004 (6th Cir.1991).
 
 
 3
 Summary judgment was entered for the defendant as to the merits in Jordan's 42 U.S.C. § 1983 civil rights action. This court affirmed that decision.
 
 
 4
 The defendant filed a motion for costs as provided by Fed.R.Civ.P. 54(d), 28 U.S.C. §§ 1920 and 1923 in the amount of $136.75. Jordan responded raising issues as to the reasonableness of the costs, the statutory authority of taxing certain costs, and his capacity to pay costs. He also submitted an affidavit indicating that his prison account contained less than $3.00. The district court entered an order taxing costs as requested by defendant.
 
 
 5
 On appeal Jordan argues that "nominal" attorney fees are not authorized by 28 U.S.C. § 1923(a), that $111.75 in copying costs are not permitted by 28 U.S.C. § 1920(4), that the defendant did not demonstrate that $.25 per page was the actual costs incurred to the defendant, that the district court failed to make any finding as to plaintiff's capacity to pay costs, and that costs should be denied to the defendant because he failed to enter into a stipulation of dismissal in 1988.
 
 
 6
 Although the assessment of reasonable costs is within the sound discretion of the district court, the court failed to consider the question of indigency and reasonableness of costs fully for the record. The burden is upon the plaintiff to make showing that he is incapable, as a practical matter and as a matter of equity, to pay costs of a defendant. Weaver v. Toombs, 948 F.2d at 1013-14. Although plaintiff's response included an affidavit of indigency and raised issues as to the reasonableness of the costs, the district court in its order taxing costs did not address the issues raised by plaintiff.
 
 
 7
 Accordingly, it is ORDERED that the order of the district court taxing costs is vacated and the case is remanded for further proceedings consistent with Weaver v. Toombs. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Richard A. Enslen, U.S. District Judge for the Western District of Michigan, sitting by designation